**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                        **4:17-CR-00177-BRW**
                                               **4:21-CV-00309-BRW**

**TRAVIS ALEXANDER**

## <u>ORDER</u>

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 89) is DENIED.

**I.      BACKGROUND**

On July 21, 2020, Petitioner pled guilty to distribution of less than 500 grams of methamphetamine.[1]  On December 9, 2020, he was sentenced to 112 months in prison.[2] Petitioner did not appeal his sentence.

Petitioner asserts claims for ineffective assistance counsel, because his lawyer (1) told him that if he pled guilty, he would be facing a 60 to 72 month sentence; (2) told him that his prior felonies would not be used to place him in the "career offender" category; (3) failed to investigate; and (4) failed to get an 11(c)(1)(C) plea agreement.

**II.     DISCUSSION**

To prevail on a claim of  ineffective assistance of counsel, Petitioner must first show that his lawyer's performance fell below an objective standard of reasonableness.[3]  He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable

---

[1]Doc. Nos. 72, 73.

[2]Doc. Nos. 84, 85.

[3]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

professional judgment.[4]  Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[5]  Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[6]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[7]  This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[8]

So, the test has two parts: (1) deficient performance, and (2) prejudice.  If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.

A.    **Deficient Performance**

1.    **Lawyer's Sentence Prediction**

Petitioner assert that he received ineffective assistance of counsel because his lawyer told him he would be sentenced to 60 to 72  months.  A lawyer's incorrect sentence prediction is insufficient to establish deficient performance.[9]  To the extent that this is a collateral attack on

---

[4]*Strickland*, 466 U.S. at 690.

[5]*Id.*

[6]*Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[7]*Strickland*, 466 U.S. at 694.

[8]*Id*. ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[9]*United States v. Nesgoda*, 559 F.3d 867, 770 n.2 (8th Cir. 2009) ("Counsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel.") (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)); *United States v. Sweeney*, 878 F.2d 68, 70 (8th Cir.1989) (district court affirmed where counsel predicted U.S.S.G. range of 21–27 months, but

Petitioner's 112-month sentence, he waived any such argument in his plea agreement.[10]
Furthermore, neither at his plea or sentencing hearings did Petitioner protest that there was an
agreement to a 60 to 72 month sentence.  At sentencing, Petitioner's lawyer argued that the
Government originally offered a 60-month sentence.  Even if that were true, that obviously
changed when the offer was not reduced to writing and when both Petitioner and his lawyer
knew that he could qualify as a career offender, which would result in a much higher sentence.

### 2.    Prior Felonies Would Not Count

Petitioner asserts that he received ineffective assistance of counsel because his lawyer
told him that his prior convictions would not be considered and he would not be sentenced as a
career offender.  Even if this happened, Petitioner was aware that being sentenced as a career
offender was possible because it is expressly set out in his plea agreement, which he said he read
before entering a guilty plea.[11]

### 3.    Failed to Investigate

Petitioner asserts that he received ineffective assistance of counsel because his lawyer did
not investigate that someone's description of Petitioner did not match his appearance.  This
argument is without merit.  First, it does not matter how someone described Petitioner, since a
confidential informant directly purchased the drugs from Petitioner.  Second, at the plea hearing,
Petitioner admitted that he sold drugs to a confidential informant.

---

court found range of 51–63 months and sentenced defendant to 57 months).

[10]Doc. No. 73.

[11]*Thomas v. United States*, 27 F.3d 321 (8th Cir. 1994) (defendant's lawyer's failure to
tell him that he might be considered a career offender was not ineffective assistance because
defendant knew the maximum penalty he faced and made no attempt to withdraw his plea when
the PSR recommended he be sentenced as a career offender).

**4.      Failed to Obtain 11(c)(1)(C) Plea Agreement**

Finally, Petitioner contends that he received ineffective assistance of counsel because his lawyer failed to obtain an 11(c)(1)(C) plea agreement.  However, there is no evidence that the Government offered an 11(c)(1)(C) plea agreement, so counsel could not have been ineffective.[12] In fact, at the sentencing hearing, the Government pointed out that they never agreed to an exact sentence, but Petitioner was free to ask for a downward departure.

**B.      Prejudice After a Guilty Plea**

Assuming there was deficient performance (there was not), Petitioner cannot establish prejudice.  "Where the conviction was entered on the basis of a guilty plea . . . the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[13]

Petitioner has not asserted that he would not have pled guilty, but for his lawyer's alleged errors.  Rather, he alleges that his lawyer incorrectly predicted how much time he was facing and he is unhappy with his sentence.  A review of the record reveals the fact that Petitioner either knew or should have known he was facing more than five years in prison.  At the latest, he knew he was facing more than 60 months when he reviewed the presentence report.  However, he never raised the issue.

Additionally, the statutory penalty for Petitioner's conviction was not more than twenty years.  At the plea hearing, Petitioner informed the Court that he had read the plea agreement,

---

[12]*Giblin v. United States*, No. CIV. 09-1286 (RBK), 2010 WL 3039992, at *15 (D.N.J. Aug. 3, 2010) ("First, the Government did not offer such a plea agreement. Counsel could not have been deficient in failing to pursue a Rule 11(c)(1)(C) plea agreement when no such agreement was offered by the Government.");

[13]*Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

understood it fully, and had talked to his lawyer about it.  The plea agreement set out that the parties were stipulating to a total offense level 26 and "nothing in the plea agreement shall prevent the base offense level and/or the defendant's criminal history category from being calculated under U.S.S.G. § 4B1.1 (Career Offender), if found to apply in this case."[14]  He was also advised that if his guideline range turned out higher than he expected, he would not be able to withdraw his guilty plea.  After reading the plea agreement himself and discussing the stipulations on the record, Petitioner still wanted to plead guilty.  At no point before pleading guilty did Petitioner or his lawyer say  there was an agreement that he would get only 60 months in prison.  In fact, this argument is directly contradicted by the fact that a clause in the plea agreement says that being sentenced as a career offender was still possible.

The same is true at sentencing.  In that hearing, Petitioner advised the Court that he was satisfied with his lawyer and did not want to withdraw his guilty plea.  He also indicated that he had read the presentence report, discussed it with his lawyer, and did not believe that any objections should be made to the presentence report.  The presentence report set out a guideline range which was well over 60 months.  So, to the extent that Petitioner is arguing that he would not have pled guilty if he had known he was facing more than 60 months in prison, the argument is contradicted by the record.

Based on the record, Petitioner's lawyer was not deficient, and even if she was, Petitioner cannot establish prejudice.  Petitioner has presented no evidence or credible argument that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

---

[14]Doc. No. 73.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 89) is DENIED.

IT IS SO ORDERED this 13th day of May, 2021.


<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE